## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

JOSEPH PITTENGER,                              **Case No.: 2:20-cv-10606**

     Plaintiff,                              **Honorable**:

v.

FIRST NATIONAL BANK OF OMAHA,

     Defendant.

_____/

CHAMI LAW, PLLC
Tarek N. Chami (P76407)
22000 Michigan Ave., Suite 200
Dearborn, MI 48124
(P): (313) 444-5029
tarek@pricelawgroup.com
*Attorneys for Plaintiff*
*Joseph Pittenger*

## COMPLAINT FOR DAMAGES

Plaintiff, Joseph Pittenger ("Plaintiff"), through his attorneys, alleges the

following against First National Bank of Omaha, ("Defendant") or ("FNBO"):

## INTRODUCTION

1.      Count I of Plaintiff's Complaint is based upon the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that

broadly regulates the use of automated telephone equipment.  Among other things,

the TCPA prohibits certain unsolicited marketing calls, restricts the use of

automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3.      Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4.      In addition, Subject matter jurisdiction of the Court arises under 28 U.S.C. 1332 as the parties are citizens of different states and the amount of controversy exceeds $75,000.00.

5.      Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6.      Defendants transact business here; personal jurisdiction is established.

## PARTIES

7.      Plaintiff is a natural person residing in the County of Oakland, State of Michigan.

8.     Defendant is a creditor engaged in the business of giving consumer loans with its principal place of business located at 1620 Dodge Street, Omaha, Nebraska, 68197.

9.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has been disabled for several years as a result of injuring and undergoing surgery on both knees.  Due to his disability, Plaintiff's sole source of income derives from social security disability benefits.

11.     Plaintiff's knee injuries need to be addressed again in 2019, which required additional surgeries, in July of 2019 and October 2019.  It was around this time that Plaintiff was unable to continue to hold things together financially and he fell behind on his First National Bank of Omaha ("FNBO") account.

12.     In or around July of 2019, Defendant began placing calls to Plaintiff's cellular phone, phone number ending in 1308, in an attempt to collect an alleged debt.

13.     The calls placed by Defendant mainly originated from (877) 431-7785, (800) 537-3302, and (888) 893-9519.

14.    On or about July 9, 2019, at 5:10 p.m., Plaintiff answered a collection call

from Defendant; Plaintiff heard a pause before the collection agent began to speak,

indicating the use of an automated telephone dialing system; Plaintiff spoke with

Defendant's representative from telephone number (877) 431-7785.

15.    Defendant informed Plaintiff that it was attempting to collect a debt relating

to his FNBO account.

16.    On this call, Plaintiff explained to Defendant's representative that he was

unable to pay because of his financial limitations and unequivocally revoked

consent to be called any further.  Despite Plaintiff's request not to be contacted,

Defendant continued to call Plaintiff on his cellular telephone.

17.    Defendant's harassing calls continued until December 31, 2019.

18.    Between July 9, 2019 and December 31, 2019, Defendant called Plaintiff no

less than three hundred fifty (350) times.

19.    Defendant called Plaintiff between one (1) and seven (7) times a day.

20.    Many times, when Plaintiff answered calls from Defendant, there was a pre-

recorded message or no person on the phone.

21.    Upon information and belief, Defendant called Plaintiff's family and/or

friends to embarrass Plaintiff and induce him to make a payment on his FNBO

account.

22.    Defendant's daily calls were extremely disruptive to Plaintiff because of his

difficulty walking.  When Plaintiff's cellular phone would ring, he would struggle

to get up to answer his phone, only to learn that it was Defendant calling.  This

would happen several times a day.

23.    Defendant's incessant calls to Plaintiff's cellular telephone induced stress

and anxiety.

24.    As a result of Defendant's conduct, Plaintiff has sustained actual damages

including but not limited to, emotional and mental pain and anguish.

## <u>COUNT I</u>
### Defendant's Violations of the TCPA, 47 U.S.C. § 227

25.    Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

26.    Defendant violated the TCPA.  Defendant's violations include, but are not

limited to the following:

a.  Within four years prior to the filing of this action, on multiple occasions,

Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in

pertinent part, "It shall be unlawful for any person within the United States .

. . to make any call (other than a call made for emergency purposes or made

with the prior express consent of the called party) using any automatic

telephone dialing system or an artificial or prerecorded voice — to any

telephone number assigned to a . . . cellular telephone service . . . or any

service for which the called party is charged for the call.

    b.  Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

27.    As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### Defendant's Invasion of Privacy
### (Intrusion upon Seclusion)

28.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

29.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a.  Defendant intentionally intruded, physically or otherwise, upon Plaintiff's

solitude and seclusion by engaging in harassing phone calls in an attempt to

collect on an alleged debt despite his request for the calls to cease.

b.  Defendants conduct would be highly offensive to a reasonable person as

Plaintiff received calls that interrupted Plaintiff's work and sleep schedule.

c.  Defendant's acts, as described above, were done intentionally with the

purpose of coercing Plaintiff to pay the alleged debt.

30.     As a result of Defendant's violations of Plaintiff's privacy, Defendant is

liable to Plaintiff for actual damages.  If the Court finds that the conduct is found to

be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Joseph Pittenger, respectfully requests judgment be

entered against Defendant for the following:

A.  Declaratory judgment that Defendants violated the TCPA;

B.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

227(b)(3)(C);

C.  Actual and punitive damages resulting from the invasion of privacy;

D.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law; and

E.  Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

                                                 RESPECTFULLY SUBMITTED,

                                                 CHAMI LAW PLLC

Date: March 6, 2020                    */s/ Tarek N. Chami*
                                                 Tarek N. Chami – P76407
                                                 22000 Michigan Ave., Suite 200
                                                 Dearborn, MI 48124
                                                 (P): (313) 444-5029
                                                 (F): (888) 428-7911
                                                 (E): tarek@chamilawpllc.com

                                                 By: */s/David Chami*
                                                 David A. Chami, AZ #027585
                                                 PRICE LAW GROUP, APC
                                                 8245 North 85th Way
                                                 Scottsdale, AZ 85258
                                                 T: 818-600-5515
                                                 F: 818-600-5415
                                                 david@pricelawgroup.com