UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH PITTENGER,

Plaintiff,

vs.

Case No. 20-CV-10606

HON. GEORGE CARAM STEEH

FIRST NATIONAL BANK
OF OMAHA,

Defendant.
_______________________________/

ORDER DENYING DEFENDANT'S
MOTION TO STAY PROCEEDINGS [ECF No. 15]

Plaintiff Joseph Pittenger filed this lawsuit alleging that defendant First National Bank of Omaha ("FNBO") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and intruded upon his seclusion by repeatedly calling his cellular telephone without consent. This matter is before the court on defendant's motion to stay (ECF No. 15). For the reasons that follow, defendant's motion to stay is DENIED.

FACTUAL BACKGROUND

Pittenger alleges that defendant harassed him in violation of the TCPA in an effort to collect a debt owed to FNBO. Defendant purportedly

called Pittenger more than 350 times between July and December of 2019. Pittenger informed defendant that he was unable to make a payment to FNBO because his financial resources were limited, but FNBO continued to call him at least once and as many as seven times every day.

On March 6, 2020, Pittenger filed a two-count complaint against FNBO. Count I alleges that FNBO violated TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii), by willfully and/or knowingly contacting plaintiff at his cellular telephone using an artificial or prerecorded voice or an automatic telephone dialing system (ECF No. 1; PageID.5 – 6). Count II asserts that FNBO violated plaintiff's privacy by intruding on his solitude by engaging in harassing phone calls in an attempt to collect on an alleged debt despite plaintiff's request for the calls to cease (ECF No. 1; PageID.6 – 7).

The court issued a scheduling order in this case on June 4, 2020. Discovery ends February 12, 2021, dispositive motions are due by March 12, 2021 and trial is scheduled for July 27, 2021. On August 21, 2020 FNBO filed its motion to stay all proceedings in this action pending the United States Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511. The Supreme Court granted the petition for writ of certiorari to resolve a circuit split over the interpretation of the statutory definition of "automatic telephone dialing system" contained in the Telephone

Consumer Protection Act at 47 U.S.C. §227(a)(1). FNBO argues that the Supreme Court's opinion has the potential to be dispositive of Pittenger's TCPA claim, thus a stay should be entered to avoid unnecessary expenditure of time and expense by the parties or the court.

STANDARD FOR GRANTING A STAY

This court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). However, "it is ... clear that a court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). Where "the stay motion is premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) (citation omitted).

ANALYSIS

I. Telephone Consumer Protection Act

In pertinent part, the TCPA prohibits the making of "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—(iii) to any number assigned to a...cellular telephone service...or any service for which the called party is charged for the call…." 47 U.S.C. §227(b)(1)(A)(iii) (emphasis added). One of the issues in this litigation, and the issue that is pertinent to the motion for stay, is whether FNBO used an "automatic telephone dialing system" to place calls to plaintiff.

II. Legal Landscape

The term "automatic telephone dialing system"("ATDS") is defined as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. §227(a)(1). The circuit courts are divided between those courts holding that equipment must use a random or sequential number generator to qualify as an ATDS and those courts holding that equipment can qualify as an ATDS if it merely has the capacity to store numbers and dial those numbers automatically. The Third,

Seventh, and Eleventh Circuits have held that the statutory definition of ATDS covers only those devices that *use* a random or sequential number generator. *Gadelhak v. AT&T Services*, 950 F.3d 458, 460 (7th Cir. 2020); *see also Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1306 (11th Cir. 2020) and *Dominguez on Behalf of Himself v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018). The Second, Sixth and Ninth Circuits hold that the statutory definition of ATDS includes equipment with a capacity to "call numbers produced by a random or sequential generator" or "dial stored numbers automatically." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1052 (9th Cir. 2018), cert. dismissed, 139 S. Ct. 1289 (2019); *see also Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 290 (2d Cir. 2020) and *Allan v. Pa. Higher Educ. Assistance Agency*, 968 F.3d 567, 579-580 (6th Cir. 2020).

The Sixth Circuit joined the Second and Ninth Circuits when it issued its decision in *Allan* on July 29, 2020. In its opinion, the court read § 227(a)(1) as follows:

> An ATDS is "equipment which has the capacity—
>
> (A) to store [telephone numbers to be called];
>
> or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers."

*Id*.

On July 9, 2020, the Supreme Court granted the petition for writ of certiorari filed by Facebook, Inc. in *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (Jul. 9, 2020). The question to be decided is:

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

*Id*., Petition for Writ of Certiorari at ii.

III. Stay Analysis

Defendant argues that waiting for the Supreme Court decision makes sense to potentially avoid the parties having to expend resources conducting discovery, retaining expert witnesses, drafting dispositive motions, and preparing for trial based on an interpretation of "ATDS" that may not apply to this case by the time it reaches trial. Defendant's position is that any equipment used by FNBO was not dialing random or sequential numbers but was instead dialing from a list of numbers associated with particular account holders like plaintiff who owed a debt to FNBO. In its motion to stay, defendant contends that the calls at issue will be beyond the scope of the TCPA if the Supreme Court holds that the statutory definition of "ATDS" is limited to those devices that use a random

or sequential generator. If the Court narrows the definition of ATDS, it would obviate the need for a substantial amount of fact and expert discovery that would otherwise be required under *Allan*. Therefore, according to defendant, the Supreme Court's decision will have a dispositive effect on this action.

Plaintiff's position is that, as is true with all TCPA claims, discovery is necessary to uncover the nature, willfulness, and magnitude of FNBO's violations. Such discovery is also relevant to plaintiff's intrusion upon seclusion claim, which is completely unrelated to the outcome of *Duguid* and the definition of an ATDS. In addition, plaintiff's complaint alleges a violation of 47 U.S.C. § 227 (b)(1)(A)(iii) based on defendant's use of prerecorded messages, which is not part of the definition of ATDS (Complaint, ¶ 20). Therefore, the discovery FNBO hopes to avoid by staying this action, including depositions regarding its collection efforts and phone systems, is necessary to the resolution of plaintiff's claims, regardless of *Duguid's* outcome. *See Lacy v. Comcast Cable Communications, LLC*, No. 3:19-cv-05007-RBL (W.D. Wash. Aug. 13, 2020) (order denying stay of TCPA litigation pending the *Duguid* decision because "regardless of *Duguid's* outcome, discovery will need to take place in this case regarding (1) the existence and exact nature of any ATDS used

to contact [plaintiff], (2) whether [defendant] called [plaintiff] ... using a prerecorded voice, and (3) whether such calls were directed to cell phone numbers other than that of the intended recipients.”).

A. Hardship or Prejudice to Either Party

While the discovery process is inherently expensive and somewhat burdensome, it is an unavoidable aspect of litigation and “‘being required to defend a suit, without more, does not constitute a ‘clear case of hardship or inequity’ within the meaning of *Landis*.’” *Citizens Banking Corp. v. Citizens First Bancorp, Inc.*, No. 07-10985, 2007 WL 4239237, at *7 (E.D. Mich. Dec. 3, 2007) (quotation omitted). Given the narrow question posed in *Duguid*, the Supreme Court’s ruling will likely not be dispositive of all issues in the present case, and the parties will still need to conduct discovery into the systems FNBO used to contact plaintiff. Discovery in this case was in its infancy when FNBO filed its motion for stay, and although FNBO identified two systems it used to call customers, it did not identify the functionality and capacity of either system. Given the nature of evidence, where memories fade, witnesses become more difficult to locate and essential documents can be lost, it is always best to engage in discovery where litigation is apparent and inevitable.

B. Public Welfare

Stays are not favored and "a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. This case was filed in March 2020 and the court does not believe it would be in the public's best interest to stay litigation pending a decision by the Supreme Court, particularly where that decision may only potentially and partially impact the issues in this case.

C. Judicial Economy

The court does not foresee an unnecessary burden being placed upon its docket by requiring the parties to proceed with discovery. Discovery is set to be complete by February 12, 2020. When discovery is complete, either party may apprise the court whether the Supreme Court has scheduled oral argument in *Facebook v. Duguid* and whether circumstances relevant to the court's stay analysis have changed.

CONCLUSION

For the reasons stated above, defendant FNBO's motion for stay is DENIED.

Dated: September 18, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE